IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION


TONY ALAMO CHRISTIAN
MINISTRIES, et al.                                                                                               PLAINTIFFS


V.                                          CASE NO. 09-CV-4031


JOHN SELIG,
Director of The Arkansas
Department of Human Services, et al.                                                              DEFENDANTS


## ORDER

Before the Court is a Motion to Quash "Subpoena *Duces Tecum* with Deposition" and "Notice to Produce Records" filed by Defendants John Selig and Steve Mason ("Defendants"). (Doc. 48). Plaintiffs responded to the motion. (Doc. 50). Defendants filed a reply to Plaintiffs' response. (Doc. 51). The Court finds the matter ripe for consideration.

Plaintiffs have up to and including September 15, 2009, to conduct limited discovery on the issue of bad faith as an exception to the *Younger* abstention doctrine. Plaintiffs served Defendants with two notices demanding production of documents. One notice was identified as a "Notice of Taking Deposition *Duces Tecum*" and the other a "Notice of Production of Records." Both notices were received by Defendants on August 13, 2009, and the notices demanded production of certain documents from the Defendants. Because the subpoena *duces tecum* and notice of production or records are directed at Defendants and not a non-party, the Court will construe these notices as requests for production of documents under Federal Rule of Civil Procedure 34.

First, Defendants argue that they have thirty days to respond to the requests for production

according to Federal Rule of Civil Procedure 34(b)(2), and they should not be compelled to answer the requests any sooner. Generally, the rules allow a party thirty days to answer requests for production; however, a shorter or longer time to respond may be ordered by the Court. Fed. R. Civ. P. 34(b)(2). The Court notes that a shorter time to respond to requests for production of documents is necessary here because of the expedited, limited discovery period ordered by the Court.

Second, Defendants argue that the requests for production are overly broad. Plaintiffs seek all documents that pertain to Tony Alamo and/or his ministry for the years 2003 to 2009. Plaintiffs allege that the asserted violations in the Complaint arose from the improper application of the Arkansas dependency-neglect statues "on or about September 19, 2008 and continuing to the present time." (Complaint, ¶ 55). Because the Complaint alleges that the violations occurred in 2008, the Court finds that any requests for documents as far back as 2003 is overly broad. Thus, Plaintiffs' requests for production of documents is limited to 2005 through the present time.

The requests seek <u>all</u> information pertaining to Tony Alamo and the Tony Alamo Christian Ministries. However, the Court limited the scope of discovery in this case and gave Plaintiffs an opportunity to conduct discovery to uncover evidence that might bear out their allegation of bad faith as set forth in the Complaint. Thus, the Court orders Plaintiffs to narrow the scope of their requests of production of documents to those that pertain to the allegations of bad faith identified by Plaintiffs in their Complaint for the relevant time period, which the Court has deemed 2005 to the present time.[1]

Lastly, Defendants argue that they cannot release documents pertaining to child maltreatment

---

[1] The Court notes that Plaintiff's Complaint alleges that Defendants acted in bad faith when they used Ark. Code Ann. § 9-27-314 for the achievement of an improper purpose. The Court has allowed discovery to give Plaintiffs the opportunity to bear out their allegation of bad faith on this issue.

-3-

investigations without a court order and in camera review.  Plaintiffs concede that they are not requesting any reports of ongoing abuse, dependency, and/or criminal investigations.  However, the broad requests necessarily include any past reports of abuse, dependency, and/or criminal investigations.  Because the Court has ordered Plaintiffs to narrow the scope of their requests for production, it is not necessary to rule on this issue at this time.  The Court will take up this issue if necessary after Plaintiffs have served more narrow requests for production on Defendants.

Accordingly, the Court finds that the Motion to Quash (Doc. 48) should be and hereby is **GRANTED**.  Plaintiffs are ordered to narrow the scope of any future requests for production of documents.  The Court notes that a response time of less than thirty days for Defendants will be necessary for future requests for production of documents during this limited discovery period.

**IT IS SO ORDERED**, this 25th day of August, 2009.

      /s/ Harry F. Barnes
    Hon. Harry F. Barnes
    United States District Judge