IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TONY ALAMO CHRISTIAN MINISTRIES, et al.　　　　　　　　　　PLAINTIFFS

V.　　　　　　　　　　CASE NO. 09-CV-4031

JOHN SELIG, et al.　　　　　　　　　　DEFENDANTS

MEMORANDUM OPINION

Before the Court is Defendants' Motion for Judgment on the Pleadings. (Doc. 21). Plaintiffs have responded to Defendants' motion. (Docs. 26, 58). Defendants have filed a reply. (Doc. 60). The Court finds the matter ripe for consideration.

## I. BACKGROUND

Plaintiffs filed this lawsuit pursuant to 42 U.S.C. § 1983, complaining that their constitutional rights of religious liberty were violated when certain children of members of the Tony Alamo organization were removed from their parents by child welfare officials and adjudicated dependent-neglected under state law in state court. Plaintiffs have asked the Court to issue an order declaring the policies and practices of Defendants unconstitutional and to issue both a preliminary and permanent injunction enjoining Defendants from taking custody of children whose parents are associated with the Tony Alamo organization. Defendants answered Planitiff's Complaint and filed a Motion for Judgment on the Pleadings, arguing that the Court should abstain under the *Younger* doctrine. In its June 30, 2009 Order, the Court stated that it would hold the Motion for Judgment on the Pleadings in abeyance so that Plaintiffs could conduct limited discovery. The period for conducting limited discovery has expired; thus, Plaintiffs' Motion for Judgment on the Pleadings is

again before the Court and is ripe for consideration.

## II. DISCUSSION

When considering a motion for judgment on the pleadings, the Court is required to accept as true all factual allegations set out in the complaint and to construe the complaint in the light most favorable to Plaintiffs. *Ashley County, Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir. 2009). "'Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law.'" *Id.* (quoting *Wishnatsky v. Rovner*, 433 F.3d 608, 610 (8tn Cir. 2006)).

*A. The* Younger *Doctrine*

Defendants assert in their Motion for Judgment on the Pleadings that this Court should abstain pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S. Ct. 746 (1971). In *Younger*, the Supreme Court held that "federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism."[1] *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Stated another way by the Eighth Circuit, *Younger* abstention "directs federal courts to abstain from accepting jurisdiction in cases where granting [the relief requested] would interfere with pending state proceedings" involving important state interests. *Night Clubs, Inc. v. City of Fort Smith, Ark.*, 163 F.3d 475, 477 n.1 (8th Cir. 1998). Thus, *Younger* abstention is mandatory.

The Supreme Court has identified three factors that should lead to abstention under *Younger*: (1) the existence of an ongoing state judicial proceeding; (2) implicating important state interests; (3) that provides an adequate opportunity to raise constitutional challenges. *See Middlesex County*

---

[1] The *Younger* doctrine was originally applied to state criminal proceedings but has since been extended to civil cases. *See Huffman v. Pursue, Ltd.,* 420 U.S. 592, 594, 95 S. Ct. 1200 (1975).

*Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431–32, 102 S. Ct. 2515 (1982). If all three factors are met, a federal court must abstain unless it detects "bad faith, harassment, or some extraordinary circumstance that would make abstention inappropriate." *Id.* at 435, 102 S. Ct. at 2521. The Supreme Court has not ruled out the use of the bad faith exception in civil cases; however, the Eighth Circuit Court of Appeals has only recognized this exception in the criminal context. *Aaron*, 357 F.3d at 778. The bad faith exception must be construed narrowly and should only be invoked in "extraordinary circumstances." *Id*.

### 1. Ongoing State Judicial Proceedings

Here, there is no question that Plaintiffs are asking the Court to interfere with ongoing state judicial proceedings involving the same matters as this federal proceeding. The issues raised by Plaintiffs in the present case are based on the findings and orders entered by the state courts in the dependency-neglect proceedings. If the Court were to grant the relief sought by Plaintiffs, it would certainly interfere with the underlying state proceedings. Thus, the first abstention factor that requires the existence of an ongoing state judicial proceeding is satisfied here as to the individual Plaintiffs.

Plaintiffs argue that Tony Alamo Christian Ministries ("TACM") is not a party to the dependency-neglect proceedings and therefore has not had a reasonable opportunity to raise its constitutional claims in any ongoing state proceeding. However, the Court finds that TACM lacks standing to raise its claims. TACM claims injuries to its ministries because of a decline in membership, resulting in fewer workers to perform its ministries; a decrease in donations; and a decline in recipients of its outreach services, such as its food ministry.

The first element of standing requires that a plaintiff must plead and must be able to prove an injury in fact to a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560

(1992). To constitute an injury in fact, the invasion of the protected interest must be concrete and particularized to the plaintiff, not a general complaint of violation of the law. *Id*. The injury must be "actual or imminent," not conjectural or hypothetical. *Whitmore v. Arkansas*, 495 U.S. 149, 156-57 (1990). With limited exceptions, a plaintiff may only assert his or her own rights, not the rights of third parties. *Id*. at 165-66.

Here, TACM does not allege any deprivation of a legally protected interest. TACM does not have a legally protected interest in its membership numbers, any charitable donations it receives, or the amount of people it serves through its outreach ministries. Because TACM has no legitimate expectation of entitlement to the aforementioned things, there is no injury to a protected constitutional interest when any of these things are diminished. Moreover, TACM cannot show that any alleged injury it has suffered is "fairly traceable" to the actions of Defendants. *See Lujan*, 504 U.S. at 560 (stating that the second element of standing requires that the injury complained of must be "fairly traceable" to the challenged action of the defendant.) Because TACM cannot prove an injury in fact to a legally protected interest and cannot show a causal connect between the alleged injury and the conduct complained of, TACM lacks standing to brings its claims in this action.

2. Important State Interests

The second abstention factor that the Court will consider is whether the ongoing state judicial proceedings implicate important state interests. Here, the underlying state proceedings involve the protection of children from abuse and neglect, which are no doubt important state interests. *See Swipies v. Kifka*, 348 F.3d 701, 703 (8th Cir. 2003); *Carson P. ex rel. Foreman v. Heineman*, 240 F.R.D. 456, 524 (D.Neb. 2007); *P.G. v. Ramsey County*, 141 F. Supp. 2d 1220, 1229 (D.Minn. 2001). Thus, the Court finds that the second abstention factor is satisfied here.

### 3. Adequate Opportunity to Raise Constitutional Challenges

The third abstention factor is whether the state dependency-neglect proceedings provide an adequate opportunity to raise constitutional challenges. Plaintiffs do not contend that they will be unable to raise their constitutional claims in the dependency-neglect proceedings. Accordingly, there is no reason for the Court to conclude that Plaintiffs will be unable to raise their constitutional claims in the state proceedings.

*B. The Bad Faith Exception to the* Younger *Doctrine*

Plaintiffs claim that when Defendants urged the state court to enforce a policy that required Plaintiffs, in order to obtain custody of their children, to leave housing and employment provided by the Tony Alamo Christian Ministries, they improperly used the Arkansas dependency-neglect statutes to deny Plaintiffs certain First Amendment rights, such as their freedom to associate and to practice their religion,. In other words, Plaintiffs argue that Defendants are acting in bad faith to deliberately deny Plaintiffs their rights to practice their religious beliefs instead of acting to protect the children involved.

Generally, bad faith, in the context of the *Younger* abstention doctrine, means that "a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Lewellen v. Raff*, 843 F.2d 1103, 1109 (8th Cir. 1988). The Eighth Circuit has never applied the bad faith exception in a civil case, although the Supreme Court has never ruled out the use of this exception in civil cases. *Aaron*, 357 F.3d at 778. The bad faith exception "must be construed narrowly and only invoked in 'extraordinary circumstances.'" *Id.* (citing *Younger*, 401 U.S. at 53-54, 91 S. Ct. 746). The circumstances must be extraordinary in the sense that there exists a pressing need for immediate federal equitable relief and not just in the sense that a highly unusual fact pattern is presented. *Id.* at 779.

Although Plaintiffs may feel persecuted by the dependency-neglect proceedings, there is no evidence to suggest that the proceedings are so fundamentally biased or unfair as to rise to the level of *Younger's* bad faith exception and to warrant federal court interference. Plaintiffs' belief that the dependency-neglect statutes were misapplied in their case is not evidence of bad faith. Here, Plaintiffs seem to be challenging the correctness of the state court's application of state law. Plaintiffs want the Court to hold that bad faith is present because they disagree that the state statutory requirements for finding dependency-neglect were satisfied in their cases. This is an issue that can be addressed competently in state court.

Plaintiffs have shown no evidence that the Arkansas Department of Human Services or any other defendant in this case has acted in bad faith to deliberately deny Plaintiffs their right to practice their religious beliefs. Each child that has been taken into custody has subsequently been adjudicated dependent-neglected by a state court applying state law. This evidence supports the Arkansas Department of Human Services' assertion that it was acting to protect the children involved and not to improperly deny Plaintiffs' any constitutional rights. Because the Court finds no evidence of bad faith, the *Younger* bad faith exception is not applicable here.

### III. CONCLUSION

*Younger* abstention mandates that the Court dismiss Plaintiffs' claims. They can and should raise these claims in the ongoing dependency-neglect proceedings in state court. Moreover, Tony Alamo Christian Ministries lacks standing to bring its claims in this action. Accordingly, Defendants' Motion for Judgment on the Pleadings is **GRANTED**.

**IT IS SO ORDERED**, this 1st day of February, 2010.

                                                     /s/ Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                United States District Judge